# AKABAS & SPROULE

ATTORNEYS AT LAW
488 MADISON AVENUE
11TH FLOOR
NEW YORK, NY 10022
(212) 308-8505

FACSIMLE (212) 308-8582

WWW.AKABAS-SPROULE.COM

SETH A. AKABAS
MICHAEL H. SPROULE †
DAVID E. BAMBERGER
——————
SENIOR COUNSEL
THOMAS A. CANOVA
MARTIN TODTMAN
——————
JESSE E. GREENE

† ADMITTED NY & MA

COUNSEL
RUTH J. WITZTUM
HENRY RAKOWSKI
RICHARD A. MEDINA**
MARTIN L. LERNER***
——————
LOUIS J. LAMATINA*
S105 FARVIEW AVENUE
PARAMUS, NJ 07652
(201) 291-1122

** ADMITTED NY & NJ
*** ADMITTED NY & CA

September 27, 2021

BY ECF AND EMAIL

Hon. Analisa Torres
United States District Judge

Re:   **Mark Arzoomanian v. Richard "Bo" Dietl (Case No. 21-cv-6475)**

Your Honor:

This is Plaintiff's letter pertaining to diversity jurisdiction. It is being submitted in timely fashion pursuant to Individual Practices II(B), 3rd ¶ ("In any action in which subject-matter jurisdiction is founded on diversity of citizenship …").

**Citizens of different States**. Plaintiff Mark Arzoomanian seeks solely declaratory relief as to a contractual matter. He is a businessman who resides and maintains his office in the State of New Jersey. (Amended Complaint (the "AC," Dkt 4) ¶ 2 and ¶ 12.)

Plaintiff alleges that Defendant is a businessman who resides and maintains his office in the State, City and County of New York. (AC ¶ 2) Defendant admits these allegations. *See* Answer and Counterclaim (the "Answer," Dkt 1), ¶ 2.

In ¶ 13 of the Answer, Defendant admits to having a residence at 1735 York Avenue, New York County. He denies maintaining his PPB at 1 Penn Plaza, New York, New York.

In ¶ 14 of the AC, Plaintiff alleges subject matter jurisdiction under 28 U.S.C. § 1332(a) as the parties are "citizens and residents" of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. In ¶ 14 of the Answer, Defendant admits these allegations.

In ¶¶ 50-52 of his Counterclaim ("CC"), Defendant asserts that Plaintiff is a "citizen" of New Jersey, that Defendant is a "citizen" of New York, and that the Court has subject matter jurisdiction as this action arises between citizens of different States and the amount in controversy exceeds $75,000.

"For purposes of diversity jurisdiction, a party's citizenship depends on his domicile. *See, e.g., Gilbert v. David,* 235 U.S. 561, 569 … (1915). Domicile has been described as the place where a person has 'his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.' 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed.1984)." *Linardos v. Fortuna,* 157 F.3d 945, 948 (2d Cir. 1998).

There is no question that Plaintiff's domicile, as defined, is located in New Jersey and that Defendant's domicile, as defined, is in the State of New York.

**Amount in Controversy**. Plaintiff's allegation as to the amount in controversy is premised on a statement by Defendant's attorney, which he made to me in a telephone call shortly before I filed suit, that Mr. Dietl had recently investigated Plaintiff's company, RSC, and concluded it was worth $100,000,000. This allegation (that RSC is worth $100,000,000) is repeated in ¶ 76 of the Counterclaim.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Adver. Com'n,* 432 U.S. 333, 347 … (1977). We have observed that 'the amount in controversy is calculated from the plaintiff's standpoint; the value of the suit's intended benefit or the value of the right being protected or the injury being averted constitutes the amount in controversy when damages are not requested.' *Kheel v. Port of New York Auth.,* 457 F.2d 46, 49 (2d Cir.1972) (internal quotations omitted)." *Correspondent Srvcs. Corp. v. First Equities Corp. of Florida*, 442 F.3d 767, 769 (2d Cir. 2006). "[T]he sum claimed by the [petitioner] controls if the claim is apparently made in good faith. It must appear *to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal." *Washington Nat'l Ins. Co. v. Obex Group LLC*, 958 F.3d 126, 135 (2d Cir. 2020), *quoting A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 … (1938) (emphasis in *Whitchurch*)); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 785 (2d Cir. 1994) (stating that if "the damages sought are uncertain, the doubts should be resolved in favor of the plaintiff's pleadings").

Both in Mr. Kleinhendler's July 22, 2021 demand letter (*see* AC ¶ 25 and Exhibit A to the AC) and in his CC, Defendant claims he owns a 5% equity interest in RSC. Further, in his CC, Defendant seeks to convert his claimed 5% equity interest into cash "immediately," despite the fact that RSC has *not* been sold and there are *no plans* to sell it. (AC ¶ 35.) While the $100,000,000 figure is absurdly exaggerated and utterly bereft of a factual foundation -- even on "information and belief," CC ¶ 76 -- RSC is certainly worth considerably more than $1,500,000 ($75,000/.05). Hence amount in controversy is adequately pled.

Respectfully submitted,

*/s/ David E. Bamberger*
David E. Bamberger

Cc:    Howard Kleinhendler, Esq. (by ECF)